# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| AMANDA D. MORRISON, | ) | |
|     Plaintiff, | ) | 3:09-cv-00552-RCJ-VPC |
| v. | ) | |
| SARAH K. BRANNAN, | ) | **ORDER** |
|     Defendant. | ) | |

Currently before the Court is Plaintiff's Motion for Attorney's Fees (#53). On October 24, 2011, the Court held a hearing on Plaintiff's Motion for Default Judgment (#43) and found that Plaintiff had suffered damages and is entitled to a default judgment. The Court ordered Plaintiff to file a proposed form of judgment and a motion for attorney's fees and a bill of costs.

On June 4, 2012, the Court noted that Plaintiff failed to comply with the Court's order requiring the filing of a proposed judgment, motion for attorney's fees, and a bill of costs. Plaintiff was given additional time to file the required documents.

Plaintiff requests fees in the amount of $8,685. Plaintiff's attorney submitted an itemization of the requested fees. Plaintiff's attorney, however, appears to have miscalculated the amount of fees he may request with respect to the default judgment against defendant Brannan. Plaintiff's counsel argues that the itemization set forth in Exhibit 1 presents a claim for 51.7 hours at $300 an hour for the litigation against defendant Brannan and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") dismissed pursuant to stipulation and order, which he halves in order to calculate the amount due with respect to defendant Brannan, for a total of $6,630.00, plus an additional claim of $2,055.00 exclusively against Brannan subsequent to

the other defendant's dismissal, for a total of $8,685.00.  The Court is unable to replicate Plaintiff's calculations, as the 51.7 hours figure includes the hours spent exclusively on defendant Brannan, which Plaintiff added separately in the amount of $2,055.00, but even taking that error into account, the calculations appear to be incorrect based on the submitted itemization.

Exhibit 1 lists 44.95 hours spent on the case prior to Wells Fargo's dismissal.  These hours, however, include 6.1 hours spent negotiating and finalizing the settlement for Wells Fargo's dismissal, and should not, therefore, be included in the fees requested against defendant Brannan. The itemization also includes 8.5 hours spent responding to Wells Fargo's motion to dismiss.  The remaining hours, 30.35 hours, include time spent in the action applicable against both defendants.  While the Court is unsure of whether Plaintiff's method of simply halving those shared hours in order to calculate fees against Brannan is orthodox, the Court finds that doing so in this case leads to a fee that would not be unreasonable. Plaintiff also itemized hours spent solely on Plaintiff's claim against Brannan, such as time spent drafting the request for default, and preparing for the default judgment hearing, in the amount of 6.85 hours.  Therefore, the Court shall award fees in the amount of $6,607.50 against defendant Brannan, a fee calculated by awarding $300 per hour for a total of 22.025 hours. The Court finds that under the results achieved, a settlement with Wells Fargo after successfully defending in part against a motion to dismiss, and a default judgment against Brannan, the amount of fees is not unreasonable.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for attorney's fees (#53) is **GRANTED IN PART** on the basis that Plaintiff shall be awarded $6,607.50 in fees, reduced from the requested $8,685.00.

Dated:  This 19th day of December, 2012.

_____
United States District Judge

2