**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMANDA D. MORRISON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WELLS FARGO BANK, N.A. et al., ) <br> ) <br> Defendants. ) <br> ) | 3:09-cv-00552-RCJ-VPC <br><br> **ORDER** |

Plaintiff Amanda Morrison sued Defendant Sarah K. Brannan and Brannan's employer, Wells Fargo Bank, N.A. ("Wells Fargo"), in state court for defamation, invasion of privacy, negligence, breach of contract, and other torts. Brannan, a former girlfriend of Plaintiff's fiancé, used her position at Wells Fargo to illegally access Plaintiff's personal information, and she used that information to harass Plaintiff on the Internet and otherwise. Defendants removed, and the case was assigned to the Hon. Edward C. Reed, Jr. Wells Fargo moved to dismiss, and Judge Reed granted the motion in part. Plaintiff and Wells Fargo later settled the remaining claims at a settlement conference.

In the meantime, Judge Reed granted Plaintiff's motion to serve Brannan by publication. The Clerk entered default against Brannan after Plaintiff completed publication as directed by

Judge Reed. On October 24, 2011, Judge Reed orally granted Plaintiff's motion for default judgment against Brannan in part, soliciting a proposed form of judgment, a motion for attorney's fees, and a bill of costs. On June 4, 2012, Judge Reed entered a minute order giving Plaintiff a deadline of June 25, 2012 to submit those documents. Plaintiff complied on June 23, 2012. Plaintiff filed a corrected bill of costs on June 27, 2012 (the first version contained the wrong case number in the heading). Judge Reed, unfortunately, was in poor health at the time and was unable to take action on those filings. The case was reassigned to this Court on October 1, 2012. On December 20, 2012, the Court granted the motion for attorney's fees in part. The Clerk taxed costs without objection on January 14, 2013. On July 7, 2013, Plaintiff filed a corrected form of judgment, as directed by chambers. Brannan filed a notice of bankruptcy the next day, indicating that she had filed for Chapter 7 bankruptcy in this District on June 21, 2013, Case No. 13-bk-51247. The Court entered the proposed judgment on November 6, 2014. Plaintiff has asked the Court to vacate its judgment as void under Rule 60(b)(4),[1] because the automatic stay under 11 U.S.C. § 362(a) was in effect when the judgment was entered.

      The Court denies the motion to vacate the judgment. The docket of the bankruptcy case indicates that Brannan was discharged on September 17, 2013, and the case was closed on September 20, 2013. The Court entered judgment over a year later. The stay was therefore not in effect when the Court entered the judgment, *see* 11 U.S.C. § 362(c), and the judgment is therefore not void for violation of the stay, *see* Fed. R. Civ. P. 60(b)(4). The Court appreciates that counsel is doing everything he can to satisfy the Bankruptcy Court that he did not intend to

---

1 Plaintiff cites "NRCP 60" but presumably means to cite Federal Rule of Civil Procedure 60(b)(4), as he argues the judgment is "void."

violate the automatic stay in this case. This Court perceives no malfeasance, but that question is for the Bankruptcy Court in the first instance. What is clear is that this Court's judgment is not void for having been entered in violation of any stay under § 362(a).

Next, the civil claims upon which the judgment in this case is based were included on Schedule F of the bankruptcy petition as unsecured non-priority claims totaling $525,000. The claims were not listed as "claims" but as a "judgment." But there was yet no judgment on that date, only a pending proposed form of judgment. Therefore, vacating the order under Rule 60(b)(5), i.e., because the judgment has been discharged, is not appropriate either. There was no judgment in existence to discharge on September 17, 2013, only a pending claim against Brannan, i.e., against the estate. What the Bankruptcy Court could have discharged on September 17, 2013 were claims against the Estate that had not yet been reduced to judgment. It did not purport to discharge claims but a non-existent judgment. It therefore did not discharge the claims or the judgment. Ideally, the Trustee would have identified this issue and pressed the civil claims to judgment directly, whether in the present case or in a separate adversary proceeding.[2] But the Trustee did not do that because Schedule F wrongly listed the claims as having been reduced to judgment, and the Trustee did not independently investigate. If he had, he would have either pressed the claims to judgment or permitted Plaintiff to do so.

---

2 A separate adversary proceeding would have been finally adjudicated by this Court, because the claims are non-core claims over which the bankruptcy court may only issue findings and recommendations. And because the Court had already adjudicated the claims to a proposed judgment in the present civil case, it would almost certainly have granted a motion to withdraw the reference to proceed directly to entry of judgment. In other words, this civil case/potential adversary proceeding was all over but the shouting by the time the Trustee would have filed an adversary proceeding.

So what is to be done?  There is an existing judgment that should not be vacated under Rules 60(b)(4) or (b)(5), and the civil claims upon which the judgment is based were not discharged before the judgment was entered.  The Court will not vacate its judgment under these circumstances.  The Bankruptcy Court is in a position to proceed appropriately.  The bankruptcy case was reopened on November 18, 2014 because an adversary proceeding that could affect the discharge is still open.  That adversary proceeding, No. 13-ap-5058, was filed on September 15, 2013 while the proposed judgment in this case was still pending and two days before the Bankruptcy Court discharged Brannan.  In that proceeding, Plaintiff seeks a determination of non-dischargeability as to the present civil judgment under § 523(a)(6) insofar as it is based on Brannan's willful or malicious acts.  When that determination is made, the Bankruptcy Court will presumably amend the discharge, accordingly.  There is no point in this Court vacating its judgment so that Brannan can file a corrected Schedule F (listing claims against the Estate as opposed to a judgment) and the Trustee (or Plaintiff) can then ask the Court to reenter the proposed judgment that was pending before discharge.  That process would serve no purpose but to delay the § 523(a)(6) proceeding.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate (ECF No. 65) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of February, 2015.

_____
ROBERT C. JONES
United States District Judge